By the Court, E. Darwin Smith, J.
The county court erred, I think, in directing a nonsuit in this action. The case does not state upon what precise ground the nonsuit was put. If put upon the first ground stated by the defendants’ counsel—that the plaintiff’s boat was not entitled to a preference over the boat of the defendant, under the statute, on the ground that it was chiefly employed in the conveyance of passengers—I think it was error. The statute'(1 R. S. 245, 5th ed., p. 672, § 24,) is as follows : “When a boat used chiefly for the conveyance of persons shall overtake any other boat not used chiefly for that purpose, it shall be the duty of the master of the latter to give to the former every practicable facility for passing, and, whenever it shad become necessary, to stop until such passage boat shall have fully passed.” The plaintiff’s boat, as he testified, was a light packet boat, 11 feet wide in the hull and 90 feet long, and was a passenger boat built with locker seats inside, and finished off for carrying passengers, and used chiefly for the conveyance of passengers and express freight between the village of Mohawk and the city of Utica, between which places he made daily trips. It seems to me the plaintiff’s boat, as described by him and the other witness, was fairly a passenger boat or boat chiefly used for the conveyance of passengers, within the terms and intent of the statute, and was clearly entitled to the *608 preference given by the statute and claimed by the plaintiff at the time. The plaintiff, in this view, was, clearly in the right in asserting and claiming his privilege to a preference in passing the defendants’ boat and going into the look.
But if there was doubt on this point, the court clearly erred in taking the case from the jury on the ground that it was a case of contributory negligence on the part of the plaintiff. The case was not one of negligence. The plaintiff had a right to have the question submitted to a jury, whether the injury to his boat was not caused by the willful and malicious acts and conduct of the defendant. It seems to me the evidence would have warranted a verdict for the plaintiff upon that ground. At least, the question should have been left to the jury.
A party navigating the canal, independent of the question above considered, as in the case of a person travelling on the highway, has doubtless the right to keep his course in the centre of the canal, in the ordinary course of navigation or travel; but he has no right to hinder a person seeking to move faster or seeking to pass him,. by obstructing his way causelessly and wantonly. Much less has he a right to do bim or his conveyance any direct, willful or intentional injuries. (Sanford v. Eighth Av. R. R. Co., 23 N. T. 343.)
It clearly appears from the evidence that when the plaintiff’s boat was passing the defendants’ they caused the bow of their boat to be shoved over, out of its course, to head the plaintiff’s boat, and that they started, their boat forward with all their force, and continued in motion towards the plaintiff’s boat, declaring that if the plaintiff’s boat went into the lock ahead of them they would split it in two. Threats of this kind were testified to by the plaintiff and several other witnesses. I think it was clear error to refuse to submit the question to the *609 jury on tliis ground, and that the plaintiff’s exception to the refusal of the county judge, on this point, was well taken.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E S. D. Smith, Justices.]
The judgment should be reversed, and a new trial granted in the county court, with costs to abide the event.